UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH,

    Plaintiff,

                                                                                                        Case No. 2:21-cv-11670

v.                                                                                                Hon. Victoria A. Roberts

HEIDI WASHINGTON, ET AL,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Kenneth Smith is presently incarcerated at the Central Michigan Correctional Facility. Plaintiff claims that Defendants, seven administrators working for the Michigan Department of Corrections (MDOC), violated his due process rights for failing to restore 1,171 days of forfeited disciplinary credits. The Court summarily dismisses the complaint for Plaintiff's failure to state a claim.

### I. Standard of Decision

Plaintiff has paid the entire filing fee, rendering inapplicable this Court's authority to screen his complaint pursuant to a portion of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). Nevertheless, review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought in forma pauperis status when the claim is brought against a governmental entity. *Benson v. O'Brian*, 179 F. 3d 1014, 1017 (6th Cir. 1999). Under this section, the district court must dismiss a prisoner complaint which: (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A.

1

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867.

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. Complaint

Petitioner pled guilty in 1997 in the Kalamazoo Circuit Court to second-degree murder and commission of a felony with a firearm. He was sentenced to 35 to 55 years for the murder conviction and a consecutive 2 years for the firearm conviction. *See People v. Smith*, 2000 WL 33407197 (Mich. Ct. App. Sept. 1, 2000).

Plaintiff asserts that on May 2, 2006, the MDOC determined that he forfeited 1,171 days of disciplinary credits after Plaintiff was found guilty of a Class I misconduct of rioting or striking in violation of MDOC rules. Plaintiff states that in the years following the forfeiture, he contacted the wardens of the facilities where he was housed and various MDOC administrators assigned to the time computation unit, in an attempt to have the forfeited disciplinary credits restored. Plaintiff asserts that he was informed that his disciplinary credits are not restorable pursuant to MDOC policy PD 03.01.101.

Plaintiff's chief claim is that the MDOC is misinterpreting its own policy, and that he is entitled to have the MDOC at least consider restoring his forfeited disciplinary credits under Michigan Compiled Laws § 800.33. The bulk of Plaintiff's complaint details his efforts to seek relief within the MDOC and in the state courts, all without success. Plaintiff asserts that if his disciplinary credits are restored that he will immediately be eligible for parole. Plaintiff seeks compensatory and punitive damages, a preliminary injunction, a temporary restraining order, and a declaratory judgment.

### III. Discussion

First, to the extent Plaintiff claims that Defendants are violating MDOC rules and Michigan law, his claims do not present a basis for relief under § 1983. Defendants' alleged failure to comply with a state administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

To the extent Plaintiff claims that Defendants' refusal to consider restoration of his forfeited disciplinary credits violated his federal right to due process, a threshold question is

3

whether Plaintiff has a liberty interest at stake. A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicates a liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to due process that attaches to all prison disciplinary proceedings. Rather, the right to due process arises only when the prisoner faces a loss of liberty in the form of a necessarily longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

The disciplinary credits at issue here are not the same as the good-time sentencing credits at issue in *Wolff*. The Sixth Circuit examined Michigan statutory law as it relates to the creation and forfeiture of disciplinary credits for prisoners such as Plaintiff convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits (unlike good-time credits) does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects when a prisoner becomes eligible for parole and when

he becomes eligible for discharge on parole, which remain discretionary with the parole board. *Id.*, 481 F.3d at 440.

In *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court then held that a misconduct citation in the Michigan prison system that results in the loss of disciplinary credits does not affect a prisoner's constitutionally protected liberty interests because it does not necessarily affect the length of confinement. *Id.*, 355 F. App'x at 912; *Wilson v. Rapelje*, No. 09-13030, 2010 U.S. Dist. LEXIS 138325, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), adopted as judgment of court, 2011 U.S. Dist. LEXIS 416, 2011 WL 5491196 (Jan. 4, 2011). Michigan's system is thus different from the good-time system in *Wolff*, where earned good-time necessarily shortened the prisoners' sentences. In contrast, Michigan's system merely affects that date at which the parole board will begin to exercise its discretion whether to grant a prisoner release on parole. Because Plaintiff has no liberty interest in such disciplinary credits, Plaintiff cannot maintain a due-process claim based on the loss of such credits or for the failure of the Defendants to consider their restoration. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

### IV. Conclusion

Accordingly, under 28 U.S.C. § 1915A the Court dismisses the complaint for Plaintiff's failure to state a claim.

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Court

Dated: 8/19/2021